FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C. Atlanta

JUN 1 5 2010

JAMES N. HATTEN, Clerk

By: Sewell, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JACOB ANDREW BERGERON, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-1485-TWT |
| JOSHUA MILLER, | : | |
|    Defendant. | : | |

## ORDER AND OPINION

Plaintiff, Jacob Andrew Bergeron, an inmate at the Douglas County Jail in Douglasville, Georgia, has filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the Court for a 28 U.S.C. § 1915A screening.

I. 28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or, (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll

v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. See Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A.

## II. Plaintiff's Allegations

Plaintiff sues Joshua Miller, a deputy with the Douglas County Sheriff's Department, alleging that Miller committed perjury in 2008 during his criminal proceedings in state court. According to Plaintiff, Deputy Miller perjured himself during Plaintiff's commitment hearing on May 15, 2008, by stating that Plaintiff's brother told Miller that Plaintiff owned a home where marijuana was discovered by

state officers. Plaintiff seeks damages and for his criminal case to be remanded to the trial court.

III. Discussion

Plaintiff's challenge to his state criminal proceedings cannot be brought in this § 1983 action. A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. See Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). Thus, Plaintiff must seek habeas corpus relief.

However, this Court will not construe Plaintiff's complaint as a habeas corpus petition since it appears that Plaintiff's state criminal proceedings are ongoing. The Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), held that, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. Younger, 401 U.S. at 53-54; Maharaj v. Sec'y for Dep't of Corr., 304 F.3d 1345, 1348 (11th Cir. 2002). If the relief sought would disrupt the state criminal proceeding, it is generally prohibited by the Younger doctrine. In the instant case, it appears that Plaintiff's

3

state criminal proceedings are ongoing. Thus, this Court must abstain from interfering in Plaintiff's state criminal action.

Extraordinary circumstances may justify intervention in a situation where a petitioner alleges great, immediate and irreparable injury or flagrant violation of an express constitutional prohibition. See Younger, 401 U.S. at 46. However, Plaintiff has not alleged irreparable injury or a flagrant violation of his rights. Thus, his complaint is subject to dismissal.

To the extent Plaintiff seeks damages, his action is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Plaintiff's § 1983 claims have not yet accrued because he has not alleged that he has been convicted in state court, much less that his conviction or sentence has been invalidated. Therefore, his claim for damages must fail.

IV. Conclusion

Based on the foregoing, **IT IS ORDERED** that the instant action is hereby **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's request to proceed in forma pauperis [Doc. 2] be **GRANTED** for the purpose of dismissal only.

**IT IS SO ORDERED** this 15 day of June, 2010.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE